Athos, Plaintiff in error, vs. The State, Defendant in error.

*May 4—June 4, 1929.*

*Omar T. McMahon* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *George B. Skogmo* and *Louis S. Wiener,* assistant district attorneys, and oral argument by *Mr. Skogmo.*

OWEN, J.   Defendant's main contention is that the judgment is not supported by the evidence.   The complaining witness, a girl fifteen years of age, testified that the defendant had sexual intercourse with her at the home of her parents, at about ten o'clock Sunday morning, November 18, 1928, and that he had had intercourse with her eight times between August and November.   A younger sister of the complaining witness testified that she saw the defendant leaving the house upon the Sunday in question.   It is admitted by the defendant that when the complaining witness discovered that she was pregnant she went to see the defendant about it.   The defendant denies that he had intercourse with her at the time in question or any other time.

There is nothing extraordinary about this state of the evidence.   Convictions upon this kind of evidence have been sustained upon innumerable occasions.   There is nothing incredible about the testimony of the complaining witness. It does not bear upon its face evidence of its unreliability. Upon various points the defendant's testimony was contradicted by three or four witnesses.   Either he or such other witnesses testified falsely.   Under such circumstances the jury declined to believe his testimony.   We see no reason for disturbing their verdict.

The complaining witness, her sister, and her father and mother testified that she was fifteen years of age.   Defendant insists that this testimony should be disregarded, because they were unable to testify as to the year in which complaining witness was born.   It was a Greek and uneducated family.   The fact that upon cross-examination they were unable to state the year in which the complaining witness was born, cannot be held to destroy their testimony that she was fifteen years of age.

It is further insisted that there was no proof of penetration.   This essential element of the crime of rape was not brought out specifically and with particularity.   The com-

plaining witness, however, testified that defendant had sexual intercourse with her. That she understood the nature of the completed act of sexual intercourse plainly appears from the fact that she had a ruptured hymen and that she was pregnant. The latter fact is conclusive that she had had sexual intercourse with some one. The completed act of sexual intercourse involves penetration to the extent necessary to constitute the crime of rape. When one of understanding testifies to a completed act of sexual intercourse it is sufficient proof of penetration. *Bailey v. Comm.* 82 Va. 107.

*By the Court.*—Judgment affirmed.